IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brandon H. Queen,

    Plaintiff,

    v.                         Case No. 2:19-cv-2426

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

    Plaintiff, Brandon H. Queen, brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. Defendant previously received benefits as a teenager, but those benefits were discontinued at age eighteen when it was determined that he did not meet the adult criteria for disability. In a decision dated February 8, 2019, the administrative law judge ("ALJ") found that plaintiff had severe physical impairments, which are not at issue in this case, as well as a learning disorder. PAGEID 948. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit him to perform sedentary work, with physical limitations, and that mentally, "the claimant can perform best in positions that do not require fast-paced work or strict production quotas and only occasional changes that are well explained." PAGEID 950. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 955-56. This matter is before the court for consideration of plaintiff's August 5, 2020, objections to the July 22, 2020, report and recommendation of the

magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A decision supported by substantial evidence is not subject to reversal even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). Even if

supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff argued in his statement of errors that the ALJ did not properly evaluate the April 15, 2013, opinion of consultative examiner Dory Sisson, Ph.D., a psychologist who evaluated plaintiff for the Bureau of Vocational Rehabilitation (Ex. 8F); the May 30, 2013, opinion of State Agency Psychologist Jennifer Swain, Psy.D., who reviewed plaintiff's records (Ex. 12F); and the June 19, 2013, opinion of State Agency Psychologist Karen Steiger, Ph.D., who also reviewed plaintiff's records (Ex. 15F). He further argued that the ALJ did not adequately incorporate limitations posed by these experts in plaintiff's RFC.

ALJs have more discretion in considering non-treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th cir. 2013). Because the above psychologists were consultants, not treating physicians, the ALJ was not obligated to give "good reasons" for the weight assigned to their opinions. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Even where the "good reasons" requirement applies, review of the ALJ's explanation for rejecting an expert opinion need not be confined to a single paragraph. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010)(ALJ may accomplish

the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the record as a whole).

The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron*, 391 F.App'x at 439; 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making the RFC determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015).

The court agrees with the determination of the magistrate judge that the ALJ adequately explained the weight assigned to each of the psychologists' opinions, that the ALJ's evaluation of these opinions was supported by substantial evidence, and that the ALJ was not required to include all of the proposed limitations in plaintiff's RFC.

Dr. Sisson examined plaintiff and diagnosed a learning disorder, noting that plaintiff's reading and spelling skills were stronger and generally functional, while his math skills were

4

weaker. PAGEID 585. Dr. Sisson reported that plaintiff's syntax and vocabulary usage/recognition were adequate, and that he did not require simplification of information. PAGEID 581. Testing revealed that plaintiff had an overall IQ score of 85, in the low average range, indicating mild impairment overall, but that his composite scores ranged from low to average, indicating that his IQ was not a good summary measure of his intellectual skills. PAGEID 583. Dr. Sisson noted that plaintiff's verbal and non-verbal/perceptual reasoning skills were average, indicating no impairment in those areas. PAGEID 583. His short-term attention/working memory skills were in the low range, indicating moderate impairment, and his processing speed was low average, indicating mild impairment. PAGEID 583. Dr. Sisson concluded that plaintiff would be able to manage moderate work stress, although, under high stress, plaintiff might experience a relapse with his reported anger difficulties; that plaintiff could maintain attention and concentration on a time-limited basis and would need repetition of information, an environment with minimal distractions, redirection to task, and allowance for breaks to refocus; and that plaintiff could complete basic reading tasks but might need simplification of more complex information. PAGEID 86.

The ALJ gave Dr. Sisson's opinion some weight, but concluded that her opinion was only partially consistent with the evidence of record. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)(ALJ's statement that the treating physician's opinions were "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record" was a specific reason for not affording controlling weight to the opinion, and the

ALJ did not violate any procedural right to an adequate explanation). The ALJ further explained:

> While she indicated that the claimant would benefit from extended time and or be allowed to work at his own pace, a limitation to positions that do not require fast-paced work or strict production quotas would adequately accommodate any issues he may experience maintaining pace. Furthermore, there is no indication from the claimant's work history at school[1] or at the gas station[2] that he required redirection to task or breaks to refocus. Lastly, the mental residual functional capacity assessed herein would only allow for unskilled work, thus any accommodations for more complex math is not necessary.

PAGEID 954 (footnotes added). The ALJ's decision not to incorporate the exact limitations proposed by Dr. Sisson is supported by substantial evidence. The ALJ was not required to include restrictions in the RFC that the ALJ did not accept. *Hall v. Comm'r of Soc. Sec.*, No. 1:17-CV-363, 2018 WL 3524467, at *4 (S.D. Ohio July 23, 2018), *report and recommendation adopted*, 2018 WL 4031060 (S.D. Ohio Aug. 23, 2018).

The record otherwise supports the ALJ's decision to assign only some weight to Dr. Sisson's proposed limitations. As the

---

[1] Plaintiff, who was then a senior in high school, stated during Dr. Sisson's examination that he worked in the school kitchen during lunch and had no problems at this job. PAGEID 580.

[2] The September 25, 2018, report of consultative examiner John S. Reece, Psy.D., indicates that plaintiff reported working part-time at a gas station for eleven months. Although the ALJ gave Dr. Reece's opinion (that plaintiff had no mental limitations) little weight, the ALJ did rely in part on this report, noting plaintiff's statements to Dr. Reese that he had no problems getting along with coworkers and supervisors and was able to perform repetitive tasks and handle changes in routine and stress. *See* PAGEID 949-950; Ex. 33F, PAGEID 1387.

magistrate judge noted, the jobs identified by the vocational expert were consistent with unskilled work. See Doc. 18, p. 21. The magistrate judge properly observed that the ALJ's decision to accord Dr. Sisson's opinion partial weight is supported by the opinions of the state agency psychologists, who also gave Dr. Sisson's opinion only partial weight. Dr. Swain noted that the records showed no difficulty with anger, and that plaintiff: reported getting along with others; worked in the lunchroom without difficulty; was involved in sports; could complete simple tasks; and reported that his concentration was improving and that he could memorize plays. PAGEID 618. Dr. Steiger commented that: plaintiff's reading and math skills would not prevent him from working; there was no evidence that anger issues were a current problem; there was no evidence that plaintiff would require significant redirection to task; and there was no indication of problems with memory, completing tasks, concentration, or getting along with others. PAGEID 630.

    The ALJ adequately explained why she did not incorporate all of Dr. Sisson's proposed limitations in the RFC, and sufficiently addressed plaintiff's limitations in concentration, persistence and pace, in understanding, remembering or applying information, and in managing workplace stress by including in the RFC the requirement that plaintiff could perform jobs that "do not require fast-paced work or strict production quotas and only occasional changes that are well explained." PAGEID 950.

    The ALJ also considered the opinions of Drs. Swain and Steiger. Dr. Swain indicated that plaintiff should be able to work with normal work hours and breaks; that he should be capable of

understanding, remembering, and completing simple 1-2 step work tasks independently once learned, but may not be capable of reading complex instructions; and that he should be capable of relating to others on a superficial basis and of handling the stress of routine work.  PAGEID 618.  Dr. Steiger concluded that plaintiff is capable of remembering and following simple work instructions (1-3 step instructions); that he may not be capable of doing work that requires complex reading skills or more than simple math skills; that he is capable of handling the stress of work within his ability level; and that he is capable of sustaining concentration and attention for work tasks that do not require frequent and unexplained changes in job duties.  PAGEID 630.

The ALJ gave the opinions of Drs. Swain and Steiger some weight, noting that their opinions "are only partially consistent with the evidence."  PAGEID 954.  The ALJ further noted:

> Their indication that the claimant is limited to simple tasks is not supported by the evidence demonstrating low average IQ scores....  The claimant should be able to tolerate a number of work tasks as long as there are only occasional changes that are well explained.  The record also does not document that the claimant has any social limitations, as he has worked previously without any apparent interpersonal issues and has participated in karate without any problems with others.

PAGEID 954.  Thus, the ALJ adequately explained why the RFC did not limit plaintiff to tasks of 1-2 or 1-3 steps or provide any limitations on social interaction.  The RFC specifically limited plaintiff to jobs involving "only occasional changes that are well explained."  PAGEID 950.  Further, as the ALJ previously noted in addressing Dr. Sisson's opinion, "the mental residual functional capacity assessed herein would only allow for unskilled work[.]"

PAGEID 954.  The potential for job stress was also addressed by the requirement that plaintiff be in positions that do not require fast-paced work or strict production quotas.  *See* PAGEID 950.

The ALJ also concluded elsewhere in the decision that plaintiff had only a mild limitation in the areas of understanding, remembering and applying information and interacting with others. PAGEID 949-950. The ALJ remarked on plaintiff's statements that he had no problems getting along with co-workers or supervisors in the past and had never been fired or laid off from a job due to difficulty getting along with others.  PAGEID 950.  The ALJ noted plaintiff's testimony that although he had some trouble with reading, he attended college previously with adequate performance. PAGEID 951.  The ALJ commented on records which revealed that although plaintiff had an individualized education plan and was in special education classes while in school, he was in regular education classes with accommodations during his senior year and successfully graduated from high school. PAGEID 953.  The ALJ also considered plaintiff's daily activities, which included performing his personal care independently, doing household chores, preparing meals, going shopping, and counting change.  PAGEID 953.  *See* 20 C.F.R. §404.1529(c)(3)(i); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 543 (6th Cir. 2007)(the ALJ can properly consider plaintiff's daily activities along with the other evidence in evaluating whether plaintiff is disabled and in formulating his RFC).

For the foregoing reasons, the court finds that the ALJ did not err considering the psychologists' opinions.  Plaintiff's RFC is supported by substantial evidence, and his objections are not well taken.

III. Conclusion

The court concludes that the RFC and the ALJ's finding of nondisability are supported by substantial evidence. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 18). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

Date: October 26, 2020         _____s/James L. Graham_____
                               James L. Graham
                               United States District Judge